UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
                    :

UNITED STATES OF AMERICA,         :

                    :        24-CR-392 (JMF)
       -v-              :        26-CV-0059 (JMF)

                    :

KEVIN RESHARD,            :

                    :       <u>MEMORANDUM OPINION</u>
          Defendant.     :         <u>AND ORDER</u>

                    :

--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Defendant Kevin Reshard, who was convicted following a guilty plea of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced on May 14, 2025, principally to 50 months' imprisonment, *see* ECF No. 36, moves, without counsel, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, *see* ECF No. 45 ("Motion"). Reshard argues that, pursuant to Executive Order No. 14,206, which President Trump signed on February 7, 2025, "all gun laws are unconstitutional" and his conviction therefore must be vacated. Motion 4.

Reshard's motion is DENIED as frivolous. First and foremost, Reshard pleaded guilty pursuant to a plea agreement — a copy of which is attached to this Memorandum Opinion and Order as Exhibit A — in which he explicitly agreed not to "file a direct appeal *or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 . . . ,*" his "conviction." Exh. A ("Plea Agmt."), at 5 (emphasis added). In fact, he specifically waived "the right to challenge" his conviction "based on," as relevant here, "a claim that the statute(s) to which" he pleaded guilty "is unconstitutional." *Id.* He also waived the right to challenge, by Section 2255 motion or otherwise, "any sentence within or below the Stipulated Guidelines Range of 46 to 57 months'

imprisonment." *Id.* In light of these provisions, Reshard is barred from pursuing the relief he seeks here. *See Fernandez v. United States*, No. 12-CR-445, No. 15-CV-2230 (JMF), 2016 WL 4735370, at *3 (S.D.N.Y. Sept. 12, 2016) (explaining that "[t]he Second Circuit has repeatedly — and emphatically — held that a defendant's knowing and voluntary waiver of the right to appeal a sentence is generally valid and enforceable.").

In any event, even if Reshard's motion were not barred by the plain terms of his plea agreement, it is meritless. First, President Trump signed Executive Order No. 14,206 before Reshard was sentenced, so Reshard could have made the argument he makes now at or before his sentencing. Second, contrary to Reshard's assertion, the Executive Order does not "deem . . . all gun laws . . . unconstitutional." Motion 4. Third, even if it purported to do so, "[i]t is emphatically the province and duty of the judicial department" — not the Executive Branch — "to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). Thus, the President's Order is not binding on the Court. And finally, the Second Circuit has squarely held (in a decision, no less, issued *after* President Trump signed Executive Order No. 14,206) that Section 922(g)(1), the statute under which Reshard was convicted, is constitutional. *See Zherka v. Bondi*, 140 F.4th 68, 77-96 (2d Cir. 2025). For these reasons, Reshard's motion is meritless (even if it were reframed as a claim that his lawyer rendered ineffective assistance by not challenging the constitutionality of Section 922(g)(1) at or before sentencing).

As Reshard has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in*

2

*forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 45 in 24-CR-392, to close 26-CV-0059, and to mail a copy of this Order to:

> Kevin Reshard
> Register Number: 19460-511
> USP Canaan
> P.O. Box 300
> Waymart, PA 18472

SO ORDERED.

Dated: January 8, 2026
New York, New York

JESSE M. FURMAN
United States District Judge



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 16, 2024

**BY EMAIL**
Michael Arthus, Esq.
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007

  Re:  *United States v. Kevin Reshard*, 24 Cr. 392 (JMF)

Dear Mr. Arthus:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Kevin Reshard ("the defendant") to Count One of the Indictment in the above-referenced matter (the "Indictment").

Count One charges the defendant with possession of a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and carries a maximum term of imprisonment of 15 years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for possession of a firearm or ammunition on or about February 14, 2024, as charged in Count One of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count One of the Indictment and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all right, title, and interest of the defendant in the following specific property: (a) one 9mm Ruger P95 pistol and magazine; (b) one Winchester 9mm cartridge casing; (c) one Hornady 9mm cartridge casing; (d) two Winchester 9mm cartridges; and (e) three Hornady 9mm cartridges (collectively the "Specific

2024.05.14

Property"). The defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. The defendant also agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the execution of all necessary documentation. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. <u>Offense Level</u>

1.  The applicable Guidelines manual is the November 1, 2023 edition.

2.  The Guideline applicable to the offense charged in Count One is U.S.S.G. § 2K2.1.

3.  Pursuant to U.S.S.G. § 2K2.1(a)(6)(A), because the defendant was a prohibited person at the time that he committed the offense charged, the base offense level is 14.

4.  Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), because the defendant used and possessed the firearm and ammunition in connection with another felony offense, the offense level is increased by four levels.

5.  Pursuant to U.S.S.G. §§ 2K2.1(c)(1)(A) and 2X1.1(a) and (c)(1), because the substantive offense that the defendant committed was aggravated assault, which is expressly covered by U.S.S.G. § 2A2.2, the base offense level is 14. Pursuant to U.S.S.G. § 2A2.2(b)(2)(A), five levels are added because a firearm was discharged. Pursuant to U.S.S.G. § 2A2.2(b)(3)(A), three levels are added because the victim sustained bodily injury. Specifically, the defendant hit the victim's ear with the firearm, causing a laceration. This results in an adjusted offense level of 22. Accordingly, pursuant to U.S.S.G. § 2K2.1(c)(1)(A), the higher offense level of 22 under U.S.S.G. § 2A2.2 applies.

6.  Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level 19.

2024.07.11

B. Criminal History Category

Based upon this Office's current understanding (including from representations by the defense), the defendant has nine criminal history points, calculated as follows:

1.  On or about April 8, 2021, the defendant pleaded guilty in Indiana state court to intimidation, in violation of Indiana Code § 35-45-2-1(a)(4), and was sentenced to a term of imprisonment of 545 days. On the same day, the defendant pleaded guilty to domestic battery, in violation of Indiana Code § 35-42-2-1.3(a)(1), and was sentenced to a term of imprisonment of one year, with the sentences to run concurrently. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(a)(2), these sentences result in three criminal history points.

2.  On or about October 16, 2013, the defendant pleaded guilty in Pennsylvania state court to statutory sexual assault, in violation of 18 Pa. Stat. Ann. § 3122.1, and was sentenced to a term of imprisonment of four to eight years. On the same day, the defendant pleaded guilty in Pennsylvania state court to corruption of minors, in violation of 18 Pa. Stat. Ann. § 6301(a)(1)(i), and was sentenced to a term of imprisonment of two to four years. On the same day, the defendant pleaded guilty in Pennsylvania state court to resisting arrest, in violation of 18 Pa. Stat. Ann. § 5104, and was sentenced to a term of imprisonment of one to two years. On the same day, the defendant pleaded guilty in Pennsylvania state court to providing false identification to a law enforcement officer, in violation of 18 Pa. Stat. Ann. § 4914(a), and was sentenced to a term of imprisonment of three to twelve months. On the same day, the defendant pleaded guilty in Pennsylvania state court to possession of a controlled substance, in violation of 35 Pa. Stat. Ann. § 780-113(a)(16), and was sentenced to a term of imprisonment of six to twelve months. All five of the above-mentioned sentences were imposed concurrently. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(a)(2), these sentences result in three criminal history points.

3.  On or about September 27, 2007, the defendant pleaded guilty in New York State Supreme Court, Bronx County, to attempted criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law § 265.02(4). On or about October 22, 2007, the defendant was sentenced a term of imprisonment of three years. The defendant was released on parole on July 13, 2009; was reincarcerated on a parole violation on April 17, 2012; was released on January 8, 2013; was reincarcerated on a parole violation on November 30, 2018; and was released on March 25, 2019. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), this sentence results in three criminal history points.

4.  On or about July 20, 1999, the defendant pleaded guilty in New York State Supreme Court, Bronx County, to robbery in the first degree, in violation of New York Penal Law § 160.15(3). This offense was committed on June 29, 1999, when the defendant was eighteen years old. On or about August 4, 2000, the defendant was sentenced to a term of imprisonment of five years. The defendant was released on August 20, 2004. Pursuant to U.S.S.G. § 4A1.2(e), this sentence does not result in any criminal history points.

In accordance with the above, the defendant's Criminal History Category is IV.

C. <u>Sentencing Range</u>

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 46 to 57 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 19, the applicable fine range is $10,000 to $100,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon information not contained in this Agreement that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed that the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the defendant's conviction. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. It is further agreed that (i) the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, any sentence within or below the Stipulated Guidelines Range of 46 to 57 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum or any condition of supervised release imposed by the Court for which he had notice, including from a recommendation by the Probation Office in the presentence investigation report, and an opportunity to object. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $10,000, and the Government agrees not to appeal any fine that is greater than or equal to $100,000. Further, the defendant agrees not to appeal or bring a collateral challenge of any forfeiture of the Specific Property, and agrees not to appeal or bring a collateral challenge of any provision in the Consent Order of Forfeiture. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other

2024.07.11

than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or

2024.07.11

conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: _____
Getzel Berger
Assistant United States Attorney
(212) 637-1061

APPROVED:

_____
David R. Felton
Acting Co-Chief, General Crimes Unit

AGREED AND CONSENTED TO:

_____
Kevin Reshard

9/19/24
_____
DATE

APPROVED:

_____
Michael Arthus, Esq.
Attorney for Kevin Reshard

9/19/24
_____
DATE

2024.07.11